| | |
|---|---|
| **DISTRICT COURT, ADAMS COUNTY, COLORADO**<br>Adams County Justice Center<br>1100 Judicial Center Drive<br>Brighton, CO  80601 | DATE FILED: January 10, 2022 1:12 PM<br>FILING ID: 4ADB9F99EC96C<br>CASE NUMBER: 2022CV30022 |
| **Plaintiff:** Inez Camarena<br><br>v.<br><br>**Defendant:** Circle K Stores, Inc. | ▲**COURT USE ONLY** ▲ |
| **Attorneys for Plaintiff:**<br>Nicole C. Daniels, #38180<br>**DANIELS & SCRIVEN, P.C.**<br>11001 W. 120th Avenue, Suite 400<br>Broomfield, CO 80021<br>Phone: (720) 863-6006<br>Fax: (720) 863-6123<br>Email: nicole@danielsscrivenlaw.com | Case Number:<br><br><br>Division: |
| **COMPLAINT** ||

Comes now the Plaintiff, Inez Camarena, by and through her attorneys, the law firm of **DANIELS & SCRIVEN, P.C.**, and for her Complaint states and avers as follows:

## IDENTIFICATION OF THE PARTIES

1. Inez Camarena, the Plaintiff, resides at 9551 Green Court, Westminster, CO 80031.

2. Defendant, Circle K Stores, Inc., is a foreign corporation licensed to do business in the State of Colorado.  Defendant has a principal office street address of 1130 W. Warner Rd., Building B, Tempe Arizona 85284.  Defendant has a registered agent, Corporation Service Company, 1900 W. Littleton Boulevard, Littleton, CO 80120.

## VENUE AND JURISDICTION

3. Venue is proper pursuant to C.R.C.P. Rule 98.

4. At all times material hereto, the Defendant was conducting business in the City of Westminster, County of Adams, State of Colorado at the time of the incident.

## GENERAL ALLEGATIONS

5. The incident giving rise to this action occurred at or near the Circle K Store located at 3540 W. 92nd Ave., Westminster, CO 80031, County of Adams, State of Colorado.

6. At all times relevant herein, Defendant owned and/or operated and/or managed the

**EXHIBIT A**

Circle K Store located at 3540 W. 92nd Ave., Westminster, CO 80031.

7. At all times relevant herein, the Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

8. At all times relevant herein, the Plaintiff has mitigated her damages.

9. Plaintiff is the proper party to bring this claim.

10. On or about January 18, 2021, the Plaintiff was a business invitee at the Circle K Store located at 3540 W. 92nd Ave., Westminster, CO 80031 when she slipped on a puddle of water at or near the beverage machine on the premises. As a result of the subsequent fall, the Plaintiff sustained serious and grievous injuries as more fully alleged.

11. As a result of the slip and fall, Plaintiff has incurred reasonable and necessary medical expenses as more fully alleged.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF - NEGLIGENCE

12. Plaintiff hereby incorporates paragraphs 1 through 11 as if fully set forth herein.

13. The Defendant was negligent by and through its agents and employees, in that it did not maintain the premises in a reasonably safe manner and failed to keep the premises free of hazardous and dangerous conditions of which they knew or should have known existed, including water on the floor in common areas of the premises. The condition of the premises caused Plaintiff to fall or otherwise be injured. Defendant was negligent in that it did not keep its premises in a reasonably safe condition for the general public and business invitees including the Plaintiff. The Defendant's failure to properly clean, mop, or otherwise mitigate potential imperilments on the premises caused a hazardous and dangerous condition, which caused Plaintiff to trip and fall, resulting in serious and grievous injuries to Plaintiff.

14. As a direct and proximate result of the negligence of the Defendant, the Plaintiff has suffered injuries and damages, including but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and, loss of enjoyment of life.

15. Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** Plaintiff sues Defendant for compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury and, loss of enjoyment of life and requests that this honorable Court enter judgment in her favor against the Defendant for an amount to be

determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

1. A monetary award representing a reasonable amount of compensatory damages;

2. Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

3. Interest from the date of the accident; and

4. Such other and further relief as this honorable Court deems proper.

### PLAINTIFF'S SECOND CLAIM FOR RELIEF - PREMISE LIABILITY

16. The Plaintiff hereby incorporates paragraphs 1 through 15 as if fully set forth herein.

17. The Defendant is liable to the Plaintiff because it had an ownership interest in the property and all of the common areas. Defendant had an obligation to the Plaintiff, a business invitee on the premises, in that, pursuant to C.R.S. 13-21-115[Sec. 3(3) (c)], an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known.

18. The Plaintiff falls into the category of individuals to be protected under said statute.

19. The Defendant owed a duty to the Plaintiff, a business invitee on the aforementioned premises, and all other business invitees on the premises, to-wit:

   a. to reasonably inspect the premises against dangerous, hazardous and/or defective conditions which may be present on said premises including but not limited to water or other liquid substances on the flooring, entrance, or other common areas on the premises, or otherwise allow for a dangerous and/or hazardous condition of any kind to exist, and failed to remedy and/or correct said dangerous, hazardous and/or defective conditions;

   b. to maintain said premises in a reasonably safe condition;

   c. to reasonably control said premises;

   d. to warn the Plaintiff against any and all dangerous, hazardous and/or defective conditions which may be present in and about said premises including but not limited water or other liquid substances on the flooring, entrance, or other common areas on the premises, or otherwise allow for a dangerous and/or hazardous condition of any kind to exist and failed to remedy and/or correct said dangerous, hazardous and/or defective conditions;

20. The Defendant, acting by and through its agents, servants and/or employees, at all times material hereto knew of and/or should have known of said dangerous, hazardous and/or defective conditions aforesaid; and further said the Defendant fell below the standard of care and/or failed in their duties aforesaid owed to the Plaintiff, a business invitee on the subject premises, by allowing said conditions to exist for a period of time sufficient to which a reasonable inspection by the Defendant would have disclosed the same.

21. The Defendant, acting though its agents, servants and/or employees was negligent in its ownership, maintenance, and/or control of the subject premises and the supervision of its agents, servants and/or employees.

22. Due to the negligent selection of its agents, servants, and/or employees, as a party with an ownership interest, the Defendant is liable for any inaction or negligence committed by their agents, servants and/or employees since the agents, servants and/or employees failed to properly mitigate or repair and dangerous, hazardous, or defective conditions on the premises.

23. As a direct and proximate result of the Defendant, acting though its agents, servants and/or employees, the Plaintiff has suffered injuries and damages, including but not limited to, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life.

24. The Plaintiff's injuries, losses and damages are either permanent and/or continuing in nature.

**WHEREFORE,** the Plaintiff sues the Defendant for compensatory damages, including, prescriptive medications, medical services, permanent physical disfigurement, disability and impairment, past and future medical expenses, past and future lost earnings, impairment to future earning capacity, past and future pain and suffering, emotional injury, and loss of enjoyment of life, and requests that this honorable Court enter judgment in her favor against Defendant for an amount to be determined by the Trial Court, together with pre- and post-judgment interest as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

1. A monetary award representing a reasonable amount of compensatory damages;

2. Court costs, deposition fees, expert witness fees and all other costs permitted in accordance with the recognized laws of civil procedure;

3. Interest from the date of the accident; and

4. Such other and further relief as this honorable Court deems proper.

Respectfully submitted this 10th day of January, 2022.

5

**DANIELS & SCRIVEN, P.C.**

s/Nicole C. Daniels
Nicole C. Daniels, #38180
Attorney for Plaintiff

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original or scanned signatures is being maintained by the filing party and will be made available for inspection by other parties or the court upon request.*

Plaintiff's Address:
9551 Green Court
Westminster, CO 80031

5